IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEILON VIDAL SANDERS,** § | |
| **#46770-177,** § | |
| Movant, § | |
| § | CIVIL NO. 3:20-CV-574-K |
| v. § | (CRIM. NO. 3:13-CR-295-K-18) |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Movant Keilon Vidal Sanders ("Sanders") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2). Respondent United States of America ("the Government") filed a motion to dismiss the Section 2255 motion as time-barred (Doc. 6). As detailed herein, the Government's motion to dismiss Sanders's motion to vacate sentence is **GRANTED**, and Sanders's Section 2255 motion is **DISMISSED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

On August 6, 2013, in a multi-count indictment with several others, Sanders was charged with conspiracy to possess with the intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) ("Count One"), and conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) ("Count Eight"). *See* Crim. Doc. 1. Count Eight and a superseding indictment filed on October 2, 2013, were dismissed by the Government, and Sanders pled guilty to Count One of

the indictment under a plea agreement. *See* Crim. Docs. 428, 528, 989. He was sentenced to 120 months' imprisonment, to be followed by five years of supervised release. *See* Crim. Doc. 989. On direct appeal, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed Sanders's conviction, vacated his sentence, and remanded the matter for resentencing. *See* Crim. Docs. 1235-36; *United States v. Sanders*, 843 F.3d 1050 (5th Cir. 2016). On remand, Sanders was sentenced by amended judgment to 120 months' imprisonment, to be followed by five years of supervised release. *See* Crim. Doc. 1267. On November 29, 2018, the amended judgment was affirmed on appeal. *See* Crim. Docs. 1347-48; *United States v. Sanders*, 743 F. App'x 563 (5th Cir. 2018). He did not file a petition for a writ of certiorari with the Supreme Court.

In his Section 2255 motion, received on March 3, 2020, Sanders alleges various due process violations, ineffective assistance of counsel, involuntariness of his guilty plea, reversible error, and cumulative error. *See* Doc. 1 at 7-9. On May 4, 2020, the Government moved to dismiss the Section 2255 motion on the grounds that it is barred by the statute of limitations. *See* Doc. 6. Sanders filed a reply to the motion to dismiss on May 19, 2020. *See* Doc. 7.

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Sanders's conviction became final on February 27, 2019, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). He does not allege that government action prevented him from filing a § 2255 motion earlier, and he has not alleged any right newly recognized by the Supreme Court. *See* 28 U.S.C. §§ 2255(f)(2), (3).

The facts supporting Sanders's claims of due process violations, ineffective assistance of counsel, an involuntary guilty plea, reversible error, and cumulative error were known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final

is the latest date under 28 U.S.C. § 2255(f), the one-year statute of limitations began to run from that date, February 27, 2019.  He therefore had until February 27, 2020, to file a timely Section 2255 motion.  He did not file his Section 2255 motion until February 28, 2020, one day after the limitations period expired.

To the extent Sanders attempts to rely on *Clay* and *United States v. Marin-Torres*, 430 F. Supp. 3d 736 (D. Ore. 2020), a non-binding district court case from Oregon, to argue that his limitations period expired on February 28, 2020, his arguments are without merit.  *See* Doc. 7 at 2-3.  Regarding *Marin-Torres*, Sanders's allegations relating to the procedural history and date on which the movant's conviction was affirmed on appeal and became final for purposes of Section 2255 are plainly contradicted in that court's decision.  *See Marin-Torres*, 430 F. Supp. 3d at 738, 741 (stating that the movant's conviction was affirmed on appeal on November 17, 2017, he filed a petition for a writ of certiorari, and his conviction became final on May 29, 2018, when the certiorari petition was denied).  He has not shown that *Marin-Torres* has any bearing on his Section 2255 motion.  Regarding *Clay*, a calculation of the movant's 90-day deadline to file his petition for a writ of certiorari shows that the period ended on a Sunday, meaning that his 90-day deadline to timely file a certiorari petition expired on the next working business day, and that was the date on which his conviction became final.  *See* Sup. Ct. R. 13(1), (5); 30(1).  Here, Sanders's 90-day deadline to file his certiorari petition expired on a weekday; as such, his conviction became final on that date, February 27, 2019.  Because Sanders did not file his Section 2255 motion until

one year and one day later, it is untimely in the absence of equitable tolling or an applicable exception to the limitations period.

## A. Equitable Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)) (internal quotation marks omitted). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Further, the movant bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient

exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

After denying that his Section 2255 was untimely in the first instance, Sanders alternatively alleges in his reply to the Government's motion that "the only copy machine available to do copies was broken on February 27, 2020," and he "was forced to wait until Mrs. Howard, of the Education Department at FMC Ft. Worth, was first available on February 28, 2020." Doc. 7 at 3. He claims that he "is limited by the availability and willingness of staff to allow him to make the necessary copies to comply with § 2255 requirements. . . ." *Id.* at 4. He contends that these circumstances are sufficient to warrant equitable tolling of his Section 2255 motion. *See id.* at 3-4. The Court notes that although Sanders requested "time to try and obtain the 'green sheet' from the Bureau of Prisons" to show that the copy machine was broken, he has not made any effort to produce evidence in support his allegations. *Id.* at 3.

Even if he had, rather than diligently filing his Section 2255 motion upon learning that the Court's amended judgment was affirmed, Sanders chose to wait until the last day of his limitations period to attempt to send his Section 2255 motion. This does not establish due diligence on his part. *See Fisher*, 174 F.3d at 715. Further, neither an alleged broken copy machine, the limited availability of staff to assist Sanders with his filing, nor his miscalculation of the limitations period present rare and exceptional circumstances for purposes of equitable tolling. *See, e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011)

(holding that "ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.") (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), and *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)). Because Sanders has not met his burden to establish circumstances warranting equitable tolling, the Section 2255 motion is untimely.

B.  **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court determined that the one-year statute of limitations for Section 2255 motions can be overcome by a showing of actual innocence. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). It must persuade a district court that it is more likely than not that no reasonable fact-finder would have found the movant guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Id.* (citing *McQuiggin*, 569 U.S. at 386). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom

met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case, as here. *See Thomas v. Stephens*, 4:13-CV-875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Sanders does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his Section 2255 motion is time-barred.

### III.   CONCLUSION

For the aforementioned reasons, the Government's motion to dismiss Sanders's motion to vacate sentence is **GRANTED** (D0c. 6), and Sanders's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 2) is **DISMISSED** with prejudice as barred by the statute of limitations. Further, movant's Petition Requesting Hearing Pursuant to Fed. R. Crim. 32.1 and USC 3583, filed on June 28, 2022 (Doc. 12). Because the request for relief was filed in this habeas case, it is liberally construed as a motion seeking an evidentiary hearing, and the motion is DENIED.

SO ORDERED.

Signed February 28th, 2023.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE